IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Case No. 7:18-cv-41

| | |
|---|---|
| **Paul Edward Miller,**<br><br>         **Plaintiff,**<br><br>**v.**<br><br>**Town Ocean Isle Beach; Ocean Isle Beach Police Department; Rich Heycock, individually and as Detective of the Ocean Isle Beach Police Department; and Nathan Brown, individually and in his capacity as Sergeant of the Ocean Isle Beach Police Department,**<br><br>         **Defendants.** | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Now Comes the plaintiff Paul Edward Miller (hereinafter "Miller"), by and through the undersigned counsel, complaining of defendants Town of Ocean Isle Beach ("OIB"), Ocean Isle Beach Police Department ("OIBPD"), Rich Heycock, individually and in his capacity as a Detective of OIBPD ("Heycock"), and Nathan Brown, individually and in his capacity as a Sergeant of OIBPD ("Brown") (OIB, OIBPD, Heycock, and Brown are referred to collectively as "Defendants") and alleges and states the following:

**Procedural Background**

1.   This case was originally filed in Superior Court of Brunswick County, North Carolina and designated as 16 CvS 694.

2.   Defendants removed the case to this Court on May 24, 2016, and it was thereafter designated as 7:16-cv-00113.

3.      Miller and Defendants filed a "Stipulation of Dismissal without Prejudice with Leave to Refile" on March 22, 2017.

## Venue and Jurisdiction

4.      The allegations set forth in Paragraphs 1 through 3 above are reiterated and restated as if set forth herein.

5.      Miller is a citizen and resident of Ocean Isle Beach, Brunswick County, North Carolina.

6.      OIB is a body politic and corporate within the meaning of N.C. Gen. Stat. § 153A-11, in which capacity it is capable of suing and being sued.  OIB is responsible under N.C. Gen. Stat. § 153A-211 and 153-217 for the establishment, administration, training and operation of OIBPD and has a duty, right, and/or power to direct and control the in manner which its departments, agencies, agents and employees execute their duties.

7.      At all times relevant, Heycock was a Detective with OIBPD, acting under color of law, in the course and scope of his employment, and as an agent and/or officer of both OIBPD and OIB.  He is being sued in his individual capacity for compensatory and punitive damages under Federal Law.

8.      At all times relevant, Brown was a Sergeant with OIBPD, acting under color of law, in the course and scope of his employment, and as an agent and/or officer of both OIBPD and OIB.  He is being sued in his individual capacity for compensatory and punitive damages under Federal Law.

9.      OIB and OIBPD are liable for the acts and omissions of its employees Heycock and Brown and particularly for their negligence, gross negligence, recklessness, indifference, and other liability arising out of the conduct alleged below.

10.     At all times relevant, OIB and OIBPD had the right and power to direct and control the manner in which its employees, including Heycock and Brown, executed their duties.

11.     The negligent and grossly negligent acts, omissions and other liability forming conduct of all Defendants, including their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of non-delegable duty, apparent authority, agency, and apparent agency, were the direct and proximate cause of the injuries, damages, and other losses to Miller alleged below.

12.     All Defendants are also sued under Federal Law and Federal Causes of Action.

13.     Venue is proper in this Court given that all events alleged herein occurred in Brunswick County, North Carolina and, upon information and belief, all Parties are residents of and domiciled in Brunswick County.

14.     This Court has jurisdiction over the Federal law claims herein pursuant to 28 U.S.C. § 1331, and it has jurisdiction over the state law causes of action alleged herein pursuant to 28 U.S.C. § 1367.

## Factual Background

15.     The allegations set forth in Paragraphs 1 through 14 above are reiterated and restated as if set forth herein.

16.     On or about October 19, 2014, Miller was an attendee at the North Carolina Oyster Festival being held in Ocean Isle Beach.

17.     During the course of his visit to the festival, Miller began to feel ill, and he and his companions decided to leave.

18.     As of October 19, 2014, Miller had a serious cardiovascular condition as well as several other significant and ongoing health problems.

19.     When he made the decision to leave the festival, Miller had become pale, was feeling light-headed and dizzy, and was beginning to experience chest pain and shortness of breath.

20.     In exiting the festival and returning to their vehicle, Miller and his companions, along with other festival attendees, were prevented from crossing a roadway adjoining the festival by Heycock, who was directing traffic on the roadway.

21.     While waiting to cross, the severity of Miller's symptoms increased, and he began to feel increased chest pains and shortness or breath and further felt as if he was going to lose consciousness.

22.     Believing he was in imminent peril and about to lose consciousness, Miller began to proceed to a grassy area across the roadway to collapse.

23.     Upon Miller's entry into the roadway, Heycock began yelling and charging at Miller.

24.     Upon seeing Heycock charge Miller, one of Miller's companions called out to Heycock that Miller was sick and hard of hearing, but Heycock continued to charge Miller.

25.     Upon seeing Heycock approaching, Miller asked him for medical assistance.

26.     At the time Miller asked Heycock for assistance, he was in obvious distress and need of medical attention.

27.     Rather than provide the requested assistance, Heycock pushed and then struck Miller before violently grabbing him by the collar, handcuffing him, and dragging him off of the street.

28.     After reaching the far side of the street, Heycock walked Miller over to Heycock's vehicle.

29.     Upon Heycock's and Miller's arrival at the vehicle, Brown ran up to the scene and, along with Heycock, violently slammed Miller against the vehicle.

30.     Heycock and Miller then proceeded to empty Miller's pockets and otherwise perform a search.

31.     Despite his obvious need for medical attention, Heycock and Brown kept Miller in handcuffs and refused him access to his medications.

32.     Only after completing their search did Heycock and Brown allow Miller to receive medical attention.

33.     The emergency medical technicians who arrived on scene immediately noted Miller was lethargic, pale, and diaphoretic.

34.     After being evaluated by the EMTs, Miller was transported by ambulance to New Hanover Regional Medical Center where he was admitted for treatment.

35.     Miller was not discharged from New Hanover Regional until October 22, 2014, at which time his doctors had confirmed Miller had suffered a syncopal episode secondary to a possible arrhythmia.

36.     Upon discharge from New Hanover Regional, Miller was summoned to the Ocean Isle Beach Police Department where he was wrongfully charged with several criminal charges, all of which were later dismissed.

37.     At the time Heycock charged, struck, and handcuffed Miller, as well as at the time Heycock and Brown slammed him into Heycock's vehicle and performed their search, it was plainly apparent that he was in need of immediate medical attention.

38.     Heycock's and Brown's actions alleged above were taken in conscious and reckless disregard of Miller's rights and safety, amounted to excessive force, and where otherwise actions that were neither necessary nor objectively reasonable under the circumstances.

39.     Despite the clear and obvious excessive force upon a citizen suffering from an obvious medical emergency, OIB and OIBPD did nothing to further investigate, punish, or correct Heycock's and Brown's wrongdoing.

40.     OIB's and OIBPD's failure to take such actions are part of an unwritten policy of "looking the other way," which amounts to deliberate indifference to past and current improper behavior of the OIBPD and OIBPD officers.

41.     At all times relevant Defendants were acting under color of North Carolina state laws, statutes, ordinances, and regulations.

42.     Defendants' actions alleged herein amount to conscious and deliberate indifference to, as well as a violation of, Miller's clearly established and well-settled Federal and State Constitutional rights, including

    a.     the right to freedom from unreasonable seizure of his person;

    b.     the right to freedom from the use of excessive, unreasonable, and unjustified force against his person;

    c.     the right to freedom from cruel and unusual punishment;

    d.     the right to medical care;

    e.     the right to substantive due process; and

    f.     other unalienable rights retained by him.

## First Cause of Action
### (42 U.S.C. § 1983 – Improper Search and Seizure, Excessive Force, Police Brutality, and Violation of Due Process)

43.     The allegations set forth in Paragraphs 1 through 42 above are reiterated and restated as if set forth herein.

44.     As alleged above, Heycock and Brown violated 42 U.S.C. § 1983 by depriving Miller of the following clearly established rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

        a.     freedom from unreasonable search and seizure;

        b.     freedom from excessive and unreasonable force;

        c.     freedom from deprivation of liberty and injury without substantive due process and from state created and/or enhanced danger; and

        d.     such other and further violations as will be shown through discovery and trial of this matter.

45.     As a direct and proximate result of the Defendants' acts and/or omissions as set forth herein, Miller has sustained physical injuries, mental pain and suffering, and psychological distress and injuries, all of which have and will require treatment.

46.     As a direct and proximate result of the Defendants' acts and/or omissions as set forth herein, Miller has also incurred legal fees for the wrongful, frivolous, and unfounded criminal charges brought against him.

47.     Heycock's and Brown's conduct in their individual capacities further entitles Miller to punitive damages and penalties to the extent allowable under 42 U.S.C. § 1983 and the North Carolina General Statutes.

48.     Miller is further entitled to reasonable costs and attorney fees under 42 U.S.C. §§ 1983 and 1988 as well as the North Carolina General Statutes.

## Second Cause of Action
### (42 U.S.C. § 1983 – Deliberate Indifference)

49.     The allegations set forth in Paragraphs 1 through 48 above are reiterated and restated as if set forth herein.

50.     The Defendants' unconstitutional actions and/or omission we pursuant to the following customs, policies, and/or practices of OIB and OIBPD which were directed, encouraged, allowed, and/or ratified by the policymaking officers of OIBPD and OIB:

> a.      to teach or tolerate the improper handling, investigation, and arrest or seizure of a citizen;
>
> b.      to fail to teach, educate, and otherwise prepare officers to recognize and properly respond to signs of medical distress;
>
> c.      to create unnecessary danger and risk of serious harm or death with deliberate indifference to citizens and visitors to Ocean Isle Beach and Brunswick County;
>
> d.      to uses or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing officer conduct;
>
> e.      to use or tolerate inadequate, deficient, and improper training for the use of force, seizing and arresting individuals, investigating incidents, and other such conduct;
>
> f.      and in such other and further ways as will be shown through discovery and trial of this matter.

51.     OIB and OIBPD further failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline officers of OIBPD with deliberate indifference to Miller's constitutional rights, which were thereby violated as described herein.

52.     OIB's and OIBPD's failure to properly train and supervise Heycock and Brown included, but was not limited to, failure to train and supervise them in properly recognizing, assessing, and responding to persons like Miller who were experiencing medical emergencies.

53.     OIB's and OIBPD's failure to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline officers was in with reckless disregard and deliberate indifference to the protection and safety of persons in Miller's situation.

54.     The unconstitutional actions and/or omissions of Heycock and Brown in their official capacities and as described herein were further approved, tolerated, and/or ratified by policymaking officers of OIBPD and OIB.

55.     Since obtaining direct and express knowledge of the above-described incident, OIB's and OIBPD's policymakers have ignored Heycock's and Brown's actions and thereby implicitly, if not explicitly, approved of the same and endorsed that unconstitutional conduct.

56.     The aforementioned customs, policies, practices, procedures, and failure to adequately train, hire, instruct, monitor, supervise, evaluate, investigate, and discipline Heycock and Brown were a moving force and proximate cause of the deprivation of Miller's clearly established and well-settled civil rights in violation of 42 U.S.C. § 1983.

57.     OIB and OIBPD subjected Miller to their wrongful conduct, depriving him or his rights as described herein, knowingly, maliciously, and with conscious and reckless disregard for whether Miller's rights and safety, and the rights and safety of others, would be violated by their acts and omissions.

58.     As a direct and proximate result of the OIB's and OIBPD's acts and/or omissions as set forth herein, Miller has sustained physical injuries, mental pain and suffering, and psychological distress and injuries, all of which have and will require treatment.

59.     As a direct and proximate result of the OIB's and OIBPD's acts and/or omissions as set forth herein, Miller has also incurred legal fees for the wrongful, frivolous, and unfounded criminal charges brought against him.

### Third Cause of Action
### (Outrage)

60.     The allegations set forth in Paragraphs 1 through 59 above are reiterated and restated as if set forth herein.

61.     Heycock and Brown actions as alleged above were taken willfully and wantonly and knowing, in light of all the surrounding circumstances, that their conduct would naturally and likely result in emotional distress and bodily harm to Miller.

62.     Heycock's and Brown's conduct reflected a conscious disregard for Miller's safety and emotional well-being.

63.     Heycock's and Brown's conduct was outrageous in character and so extreme in degree as to go beyond the bounds of all decency and should be regarded as atrocious and utterly intolerable in a civilized society.

64.     As a result, Miller has sustained injuries as described herein as well as mental pain, suffering and psychological injuries which have and will require treatment.

65.     Heycock's and Brown's conduct in their individual capacities entitles Miller to actual damages as well as punitive damages and penalties to the extent allowable under applicable North Carolina law and in an amount determined to be reasonable by the jury.

## Fourth Cause of Action
### (Battery)

66.     The allegations set forth in Paragraphs 1 through 65 above are reiterated and restated as if set forth herein.

67.     Heycock's actions as described herein amounts to common law battery.

68.     All of Heycock's actions as described herein were intentional and it the purpose of causing harmful or offensive contact to Miller.

69.     Heycock's conduct in his individual capacity entitles Miller to actual damages as well as punitive damages and penalties to the extent allowable under applicable North Carolina law and in an amount determined to be reasonable by the jury.

## Fifth Cause of Action
### (Negligence and Gross Negligence)

70.     The allegations set forth in Paragraphs 1 through 69 above are reiterated and restated as if set forth herein.

71.     OIB and OIBPD departed from the duties of care required by law enforcement officers and the agencies that hire, train, and hire these officers and were thereby negligent, careless, grossly negligent, reckless, and acted in violation of the duties owed to Miller through one or more of the following acts or omissions, all of which were a departure from the required standard of care:

> a.      failing to ensure Miller's safety and reputation;
>
> b.      failing to appreciate the conditions that existed during the events in question;
>
> c.      failing to adhere to proper law enforcement procedures;
>
> d.      failing to possess probable cause in order to effectuate Miller's arrest;

e.      failing to use discretion before, during, and after the incident and consider other methods to apprehend suspects;

f.      failing to have in place proper and adequate policies, procedures, and protocols for law enforcement officers to respond to incidents and/or failure to enforce such policies, procedures, and protocols; and

g.      in such other and further ways as will be shown through discovery and trial of this matter.

72.      As a direct and proximate result of the acts and omissions of OIB and OIBPD as alleged above, Miller was injured and has suffered severe and extreme emotional distress, anxiety, grief, and sorrow, and other harms and losses for which he is entitled to recover an amount determined by a jury at the trial of this matter.

**WHEREFORE,** Plaintiff Paul Edward Miller respectfully prays the Court for:

1.      a trial by jury on all issues so triable;

2.      a judgment against Defendants to all actual, consequential, and punitive damages, in an amount to be determined by the jury at the trial of this matter;

3.      an award of his attorney fees and costs pursuant to 42 U.S.C. §§ 1983 and 1988 and as otherwise provided for under Federal or North Carolina law; and

4.      such other and further relief as the Court deems just and proper.

This the 13th day of March, 2018.

**THE REGAN LAW FIRM, PLLC**
/s/ Conor P. Regan_____
Conor P. Regan
N.C. Bar # 43150
1213 Culbreth Drive
Wilmington, North Carolina 28405
Phone: 910-344-0137
Fax: 910-939-1498
conor@thereganlawfirm.com
*Attorney for Plaintiff Paul Edward Miller*
